IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES YATES                                                                                          PETITIONER

V.                                                                          CIVIL ACTION NO.1:06CV34-GHD-JAD

JOE THORNTON, et al.                                                                              RESPONDENTS

REPORT AND RECOMMENDATION

James Yates while legally drunk drove down the wrong side of a highway at high speed. He caused a wreck that killed David Parker and Christy Thomas. Wesley Eaves received permanent injuries in the collision. Yates pled guilty to DUI death in the death of Parker and manslaughter in the death of Thomas. The third count of aggravated DUI for injuries to Eaves was remanded to the file effectively dismissing the charge. Yates received a sentence of twenty-five years, with five years suspended and five years probation for the DUI death. He received a concurrent twenty year sentence in the manslaughter death.

He filed a motion for post-conviction relief in the Circuit Court of Winston County. That court held an evidentiary hearing on Yates' claims that his guilty pleas were involuntary and unknowingly made and that he received ineffective assistance of counsel before denying the motion. The trial court's ruling was appealed to and affirmed by the Mississippi Court of Appeals. Yates did not seek certiorari to the Mississippi Supreme Court. He has now filed a habeas petition setting forth six grounds for relief.

Failure to Exhaust

From the record before the undersigned it appears that Yates has failed to exhaust his state court remedies on all grounds raised before this court. "An application for a writ of habeas corpus

on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Mississippi has a two tiered appellate system. While all appeals are initially docketed with the Mississippi Supreme Court, many cases, including Yates' habeas appeal, are diverted to the Mississippi Court of Appeals. Mississippi law provides for discretionary review of the decisions of the Mississippi Court of Appeals by writ of certiorari to the Mississippi Supreme Court. The first step under Mississippi law in seeking discretionary review is the filing of a motion for a rehearing filed within 14 days with the Mississippi Court of Appeals. M.R.A.P 17(b) and 40(a). The petition for writ of certiorari must be filed within fourteen days of the decision on the motion for rehearing. Yates took neither of these steps. The United States Supreme Court has held that the considerations of state and federal comity, that are the basis for the requirement of exhaustion, require a prisoner to pursue a discretionary review with the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). By failing to pursue discretionary review with the Mississippi Supreme Court, Yates has failed to exhaust his state remedies.

Though the state has not raised the failure to exhaust as a defense to the petition before this court, it has also not expressly waived the exhaustion requirement. 28 U.S.C. § 2254(b)(2)("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement"). Since the time for seeking discretionary review has long since elapsed and Mississippi law prohibits a successive petition, Yates cannot now return to the Mississippi Supreme Court to exhaust his remedies. Accordingly the undersigned recommends that the petition be dismissed with prejudice.

## Consideration on the merits

Alternatively, the court should deny the petition on the merits. While habeas relief may not be granted where there has been a failure to exhaust state remedies, habeas relief may be denied on the merits on unexhausted claims. 28 U.S.C. § 2254 (b)(2). Yates' petition may appropriately be dismissed on the merits for the reasons set forth below.

## Standard of review

In considering Yates' challenges the undersigned has considered the limited scope of the federal court's review, given that these claims have already been rejected by the Mississippi courts on the state petition for leave to file habeas corpus. 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Since any factual findings of the state appellate courts are presumed correct, the burden is upon the petitioner to prove by clear and convincing evidence any factual errors. 28 U.S.C. §2254(e)(1). Additionally to the extent that any petition attempts to raise issues that are matters of state statutory and constitutional law, and not matters concerning federal constitutional rights, the federal courts may not disturb the state court judgment. The federal courts do not function as appellate courts to the state court and does not review claims of state law error. *Mendiola v. Estelle,* 635 F.2d 487 (5th Cir. 1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d783 (1982).

Yates' six asserted grounds for habeas relief includes a claim that his two convictions for two deaths in one accident violates the Double Jeopardy Clause. He claims the indictment is defective and that his plea was not voluntarily made. He claims he received ineffective assistance of counsel. Yates asserts that the 'blanket' sentencing order, by including the judgment and sentence on more than one charge, is improper under Mississippi law. He alleges that he received an illegal sentence. Each of these grounds is considered below.

Double jeopardy

In the first ground Yates argues that his convictions are a violation of the Double Jeopardy Clause. He argues that he cannot be convicted of both DUI death and culpable negligence manslaughter arising from a single episode of drunk driving. Mississippi case law based on the DUI statute in effect at the time of Yates' wreck had held that the DUI statute punished drunk driving, regardless of the number of deaths or serious injuries and therefore an individual could only be convicted for one DUI charge for one accident. *Mayfield v. State,* 612 So. 2d 1120(Miss. 1992).[1] In Yates' case the prosecution indicted him under two different statutes each of which has different elements and proof. Yates was charged with DUI death for the accident resulting in the death of David Parker. He was charged with culpable negligence in the death of Christy Thomas.[2] A single

---

[1] The Mississippi legislature responded to *Mayfield* by amending the statute to provide that there is a separate felony for each death or maiming injury.

[2] He argues about the existence of a third count, for aggravated DUI for the injury to Eaves. This count was remanded to the files, effectively dismissing the charge. Therefore whether he could have been convicted both for the DUI death of the driver and aggravated DUI for the injury to a passenger is not before the court. There can be no double jeopardy arising from the inclusion of this charge in the indictment, since there is no former jeopardy. *See generally, Serfass v. U.S.,* 420 U.S. 377, 387-89, 95 S. Ct. 1055, 1062-63, 43 L.Ed. 265 (1975)

4

act, incident or transaction may violate more than one statute and may constitutionally be two separate crimes so long as each statute requires proof of an additional fact which the other does not. *Blockberger v. United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L.Ed. 306 (1932). Aside from the fact that there were two separate deaths, there are differences in the proof required under these two statutes. The DUI death statute requires proof that Yates was driving legally drunk and caused an accident that resulted in a death. § 63-11-31(5) Miss. Code Ann. The culpable negligence manslaughter statute does not necessarily relate to driving, nor to intoxication, but looks at the quality of negligence that resulted in death.[3] At Yates' guilty plea the prosecution's anticipated proof was not merely that Yates was legally intoxicated, but also that he was driving the wrong way on the highway and at an excessive rate of speed. While the act of driving drunk was committed simultaneously with the acts of speeding and driving the wrong way on the highway they are in fact separate offenses. The act of driving drunk fully supports finding Yates guilty of DUI death in Parker's death. The acts of culpable negligence by speeding and driving the wrong way support his conviction for Thomas' death. The elements and the proof to support convictions of these two statutes are not identical and do not offend the Double Jeopardy Clause. This claim is without merit.

Defective indictment

Yates alleges that his multiple count indictment was defective because each count ended with the phrase "against the peace and dignity of the State of Mississippi." Mississippi law requires that each indictment conclude with this particular phrase. Yates' theory appears to be that the inclusion in the first of the three counts of this phrase terminates the indictment and invalidates the two

---

[3] Every other killing of a human being by the act or culpable negligence of another and without authority of law not provided for by this title shall be manslaughter. § 97-3-47 Miss. Code Ann.

5

following counts. This argument was rejected by the state court. This is a matter purely of state statutory law and does not implicate any federal constitutional right. Even if the court were convinced that the state court erred in reaching this decision, federal habeas relief would not be available. Here there is not even an error of state law. This claim lacks merit.

### Blanket sentencing order

In his Fifth ground Yates asserts that there is an improper blanket sentencing order. This is an assignment of an alleged error of state law. Yates asserts that because Mississippi law requires a separate jury verdict for each offense, there must be two separate judgments for each offense sentencing him. There does not appear to be any even an error of state law. Yates pled guilty to two separate offenses, providing the two separate verdicts required by Mississippi's law. He points to no Mississippi law that would require separate judgments. In any event any error in this regard would be a "mere error of state law" and would not implicate any of Yates' constitutional rights. Whether judgments of conviction and sentences on separate charges are on separate pieces of paper or combined in one document has absolutely no impact on any substantive right. This claim should be denied.

### Illegal Sentence

Yates argues that he received more than the maximum sentence for the DUI death. The maximum sentence under Mississippi law for this offense is twenty-five years. § 63-11-30(5). Yates was sentenced to twenty-five years, with five years suspended and five years of supervised probation. Yates computes this as a thirty year sentence by adding the suspended time and the probation time to the sentence. The probation time is not a part of the sentence. If Yates complies with the terms of his probation he will serve twenty years. If he fails to abide by the terms of his probation, he will

6

serve up to but no more than the statutory maximum. The sentence imposed is substantially less than the 45 year maximum that could have been imposed on the two charges. There is no merit to this claim.

Involuntary Plea and Ineffective Assistance of Counsel

Yates asserts that he has not entered a voluntary and knowing plea to the charges against him. Because he faults both the trial court and alleged bad advice from his attorneys these two grounds are discussed together.

Yates claims he did not understand his rights or the consequences of pleading guilty. The guilty plea transcript shows that he was advised by the court of the constitutional right to a trial by jury, to confront witnesses and to remain silent. He was advised that pleading guilty would waive those rights and indicated that he wished to plea. He testified at his plea that he had not been threatened or coerced or offered any reward for pleading, other than the state's sentencing recommendation. The trial judge advised him of the sentences available on the two charges to which he pled. He testified that he could read and write and that he was not under the influence of drugs or alcohol at the time of the plea. The trial judge accepted the plea agreement. The trial court record contains ample evidence to support both the initial acceptance of the plea and the trial court's rejection of the motion for post-conviction relief following the evidentiary hearing. The record shows Yates was appropriately advised of his rights by the trial court.

He alleges both the trial court and his attorneys failed to recognize the double jeopardy violation in having two different charges for the two deaths from the one accident. Yates is wrong on the underlying issue for the reasons already stated and his mistaken belief of a double jeopardy violation does not render his plea involuntary or unknowing. His other allegations about the

7

indictment, the legality of his sentence and the sentencing order are equally erroneous and therefore cannot invalidate his guilty pleas. To the extent that his argument could be construed as asserting that the punishment is cruel, unusual and disproportionate, it is sufficient to note that the sentence imposed is within the guidelines set by the Mississippi legislature, and a matter of legislative perogative. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382(1980)(Sentence of life in prison for three felonies; the fraudulent use of a credit card, passing a forged check and obtaining money by false pretenses, with a total money value of $ 229.11 was constitutionally permissible). With a sentence that is less than half of the maximum available on the two charges his sentence is in fact unusual only in its comparative mildness.

Yates also asserts that the ineffective assistance of counsel led him to plead guilty. He alleges that his attorneys advised him that he would become eligible for parole after serving 25% percent of his sentence. He is subject to serving 85% of his sentence before becoming eligible for parole. He alleges that but for this erroneous advice, he would not have pled guilty. In Yates' case the state held an evidentiary hearing. Yates' daughter and mother testified that Yates' attorneys had given this erroneous advice. The two attorneys testified that Yates was advised that he would have to serve 85% of his sentence under current law before becoming eligible for parole. The state trial court, having heard and observed the witnesses found the testimony of Yates' witnesses to be totally lacking in credibility and completely rejected that testimony. The trial judge accepted the testimony of the attorneys as credible. Yates has made no showing that this amounts to an unreasonable finding of facts in light of the evidence in the record. Therefore this finding of fact cannot be disturbed on this petition for habeas corpus. 28 U.S.C. § 2254(d)(D)(2). Without a basis for finding that any erroneous advice was given by his attorneys in this regard, the claim of ineffective assistance

8

of counsel necessarily fails and with it the claim that his attorney's bad advice rendered his plea involuntary. The claims that he received ineffective assistance of counsel and/or that his guilty pleas were otherwise unknowingly or involuntarily entered are without merit.

Both because he has failed to exhaust his state remedies and is now procedurally barred from now returning to the state courts and on the merits, the undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 29th day of June, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE